# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ALBON C. DIAMOND,**

   Petitioner,

v.                                                    Case No. 3:19cv2929-MCR/MAF

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

   Respondent.
_____/

## REPORT AND RECOMMENDATION

On August 1, 2019, Petitioner, Albon C. Diamond, a prisoner in the custody of the Florida Department of Corrections, proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 20, 2020, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus and included pertinent portions of the record asserting, *inter alia*, the untimeliness of the petition. ECF No. 14. Petitioner filed a response on June 18, 2020. ECF No. 22.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all the issues raised, the undersigned has determined that no evidentiary

hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. As explained below, based on the pleadings and record before the Court, the undersigned has determined that the petition should be dismissed.

## Procedural History

Petitioner was charged by Amended Information filed on July 1, 2010, in the Circuit Court of Escambia County, Florida, with nine counts: Counts 1 & 2, lewd and lascivious molestation of R.J.A., a victim less than age twelve, by a person age eighteen or older on one or more occasions between April 1, 2007, and October 15, 2007; Counts 3, 4 & 6, sexual battery on R.J.A., a child less than age twelve, on one or more occasions between April 1, 2007, and October 15, 2007; Count 5, battery on R.J.A., a child less than age twelve, on one or more occasions between April 1, 2007, and October 15, 2007, by ejaculating seminal fluid into the child's mouth; Count 7, lewd and lascivious battery on R.J.A., a person less than age sixteen, on one or more occasions between April 1, 2007, and October 15, 2007, by forcing or enticing the victim to anally penetrate the defendant; Count 8, failing to protect minor from obscenity by showing or allowing R.J.A., a child age eight or nine, to view pornographic images on one or more occasions between April 1, 2007, and October 15, 2007; and Count

9, lewd and lascivious conduct, on one or more occasions between April 1, 2007, and October 15, 2007, by soliciting M.B.A., a child ten years of age, to expose his genitals to Defendant. Ex. A at 8-9.[1]

Jury trial was held on June 28, 2010, and June 30-July 1, 2010. Ex. B. Petitioner was found guilty as charged on all counts. Ex. A at 74-76; Ex. B at 517-19. He was sentenced to life in prison on Counts 1, 2, 3, 4, and 6; five years on Counts 5 and 8; and fifteen years on Counts 7 and 9, all to be served concurrently. Ex. A at 80-93; Ex. B at 522-32.

Petitioner appealed to the Florida First District Court of Appeal, which affirmed per curiam without written opinion on December 15, 2011.[2] Exs. C-F. *See* Diamond v. State, 75 So. 3d 721 (Fla. 1st DCA 2011) (Table). The mandate was issued on January 3, 2012. Ex. G.

On January 3, 2014, Petitioner filed a petition for writ of habeas corpus in the district court of appeal pursuant to Florida Rule of Appellate Procedure 9.141 alleging ineffective assistance of counsel. Ex. H. The petition alleged ineffective assistance of appellate counsel for failing to

---

[1] Hereinafter, citations to the Respondent's appendix, "Ex. –," refer to Appendices A through V submitted in conjunction with Respondent's Motion to Dismiss. *See* ECF No. 14.

[2] The issue raised on direct appeal was whether the trial court erred in failing to grant a mistrial based on repeated instances of prosecutorial misconduct in closing argument. Ex. C.

appeal the admission of "Williams Rule" evidence and failing to appeal exclusion of favorable testimony as inadmissible hearsay. *Id.* at 15, 18. The district court of appeal denied the petition "on the merits" on June 6, 2014. Ex. L. *See* Diamond v. State, 139 So. 3d 503 (Fla. 1st DCA 2014) (Mem).

Also on January 3, 2014, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Ex. M at 1-46. An amended Rule 3.850 motion was filed on July 10, 2014, alleging eight claims of ineffective assistance of trial counsel.[3] Ex. M at 47-95. An evidentiary hearing was granted on claim 1(A) and (B), which included the claim that counsel rendered ineffective assistance in failing to present evidence of Petitioner's sexual deficiencies due to his medical condition at the time of the alleged acts; claims 2, 3, 4; and claim 6(A), (B), and (C). Ex. M at 105, 114-63. At the hearing held March 21, 2016, Petitioner only presented evidence regarding claims 1(A) and 6(C). Ex. M at 195.

---

[3] The ineffective assistance of trial counsel claims raised in the amended Rule 3.850 motion were: (1) failing to ensure presentation of evidence of Defendant's sexual deficiencies due to medical condition at time of alleged acts, with subclaims; (2) failing to ensure critical impeachment evidence was presented; (3) failing to challenge admissibility of Williams Rule evidence; (4) failing to investigate and present testimony from T.H.; (5) failing to counter suggestion of undue influence regarding testimony of K.S.; (6) failing to properly prepare for trial, with subclaims; (7) failing to make critical objections and motions, with subclaims; and (8) failing to highlight inconsistencies and deficiencies in evidence. Ex. M at 65, 70, 74, 77, 78, 79, 88, 92.

On September 30, 2016, the postconviction court denied the amended Rule 3.850 motion by order, with attached portions of the record. Ex. M at 221-541. Petitioner appealed to the First District Court of Appeal, which affirmed per curiam without a written opinion on June 7, 2018, and denied Petitioner's motion for a written opinion on July 25, 2018.[4] Ex. Q, R, S. The mandate was issued on August 15, 2018. Ex. T. *See* Diamond v. State, 250 So. 3d 1 (Fla. 1st DCA 2018) (Table).

On September 5, 2018, Petitioner sought certiorari review in the United States Supreme Court, Ex. U, which was denied on October 29, 2018. Ex. V. *See* Diamond v. Florida, 139 S. Ct. 433 (2018) (Mem).

On August 1, 2019, Petitioner filed his § 2254 petition in this Court raising one claim: "In light of Dr. Bear's [postconviction] testimony, Petitioner Diamond is 'actually innocent.' " ECF No. 1 at 20.

## Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it is untimely under 28 U.S.C. § 2244, which provides, in pertinent part, a one-year limitation period for filing a § 2254 petition. The time limitation period

---

[4] The claims raised on appeal from denial of postconviction relief were: (1) error in denying claim that counsel rendered ineffective assistance by failing to call a medical expert to impeach testimony of sexual abuse; (2) error in denying claim that counsel failed to call lay witnesses Coon and Levin to establish Petitioner's impotence; and (3) failing to offer Weems' testimony that Petitioner was impotent during period in question. Ex. N.

runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The conviction becomes final for purposes of federal habeas upon expiration of the 90-day time period in which a defendant may seek review in the United States Supreme Court. The limitation period is tolled while a properly filed application for state postconviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Respondent contends that, considering the date of finality and the dates of proceedings filed by Petitioner, the limitations period ran on March 15, 2013, thus the petition filed in this Court on August 1, 2019, is untimely. ECF No. 14 at 6-8. Respondent further contends that the postconviction proceeding and petition alleging ineffective assistance of appellate counsel filed on January 3, 2014, were outside the limitations period and, thus, could not toll the running of the one-year limitations period. *Id.* at 7.

Respondent notes that Petitioner seeks to avoid the limitations period by alleging a freestanding actual innocence claim, while also acknowledging that the United States Supreme Court has not resolved whether such a claim is cognizable in habeas; and that Eleventh Circuit

precedent prohibits relief based on a freestanding claim of actual innocence in non-capital cases. *Id.* at 8-9.

Petitioner, in his reply, notes that the Eleventh Circuit recently held that a freestanding claim of actual innocence is not cognizable in federal habeas proceedings, ECF No. 22 at 1 n.1, but continues to assert his freestanding claim of actual innocence as a basis for relief. *Id.* He reiterates the basis for his claim as Dr. Bear's opinion at the evidentiary hearing that it was medically impossible for Petitioner "to have done some of the things alleged," thereby destroying the victim R.J.A.'s credibility. *Id.* at 3.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The time frame may commence later based on: the date on which an unconstitutional impediment preventing the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the

factual predicate for the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). The period is tolled for the time during which a properly filed application or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

The time may also be equitably tolled in rare cases, but "only if petitioner establishes both extraordinary circumstances and due diligence."[5] Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004) (emphasis in original). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). The burden of establishing entitlement to this extraordinary remedy plainly rests squarely with the petitioner. San Martin v. McNeil, 633 F.3d 1257, 1269 (11th Cir. 2011).

To demonstrate entitlement to equitable tolling, a petitioner must show: " '(1) that he has been pursuing his rights diligently, and (2) that

---

[5] Although the time may be equitably tolled in rare cases "if petitioner establishes both extraordinary circumstances and due diligence," Diaz, 362 F.3d at 702, Petitioner does not claim equitable tolling as a basis to pursue this untimely habeas petition.

Case No. 3:19cv2929-MCR/MAF

some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "As an extraordinary remedy equitable tolling 'is typically applied sparingly.' " Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (quoting Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)).

"Apart from standard equitable tolling, 'actual innocence, if proved, serves as a gateway through which a [§ 2254] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.' " Averett v. Attorney Gen., No. 18-13399-B, 2019 WL 3887369, at *5 (11th Cir. June 19, 2019) (not reported in Fed. Rptr.) (quoting McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)).  For purposes of this miscarriage-of-justice exception, "actual innocence" means "factual innocence, not mere legal insufficiency." McKay v. United States, 657 F.3d 1190, 1197 (11th Cir. 2011).

However, "the Supreme Court has never held that a prisoner is "entitled to habeas relief based on a freestanding claim of actual innocence." Raulerson v. Warden, 928 F.3d 987, 1004 (11th Cir. 2019), *cert. denied*, No. 19-941, 2020 WL 1496646 (U.S. Mar. 30, 2020).  "A claim of 'actual innocence' is not itself a constitutional claim, but instead a

gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Daniels v. Fla., 769 F. App'x 809, 812 (11th Cir. 2019) (unpublished) (quoting Herrera v. Collins, 506 U.S. 390, 404-05 (1993)).

The Eleventh Circuit recently reiterated in Collins v. Sec'y, Dep't of Corr., No. 17-13207, 2020 WL 1933932, at *1-*2 (11th Cir. Apr. 22, 2020) (unpublished), that a freestanding claim of actual innocence in a non-capital case, unaccompanied by an independent claim of constitutional violation, is not cognizable in a § 2254 proceeding.[6]  The Eleventh Circuit explained:

> "[O]ur precedent forecloses habeas relief based on a prisoner's assertion that he is actually innocent of the crime of conviction 'absent an independent constitutional violation occurring in the underlying state criminal proceeding.' " Raulerson, 928 F.3d at 1004 (quoting Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002)); see also Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1272 (11th Cir. 2010) ("[T]his Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases."); Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases.").

---

[6] Collins' petition for rehearing *en banc* was denied by the Eleventh Circuit on June 25, 2020.

Case No. 3:19cv2929-MCR/MAF

*Id.* at *2. This is not a capital case and Petitioner brings only a freestanding claim of actual innocence. Thus, Petitioner's freestanding claim of actual innocence does not open the gate to an untimely § 2254 proceeding in this Court.

## **Timeliness**

Petitioner's conviction and sentence were affirmed on appeal on December 15, 2011, and became final upon expiration of the time for seeking certiorari review in the United States Supreme Court on March 14, 2012. Certiorari review was not sought by Petitioner.[7] Thus, the conviction and sentence became final for federal habeas purposes on March 15, 2012. Without any proceedings that toll the running of the limitations period, the one-year limitations period was set to expire on March 15, 2013.

The record is devoid of any indication that a postconviction or collateral proceeding was filed within that time period in order to toll the running of the limitations period. Thus, the time for filing a petition under 28 U.S.C. § 2254 expired on March 15, 2013. The postconviction proceeding

---

[7] Petitioner did not seek discretionary review in the Florida Supreme Court, nor could he have been provided such review from the unelaborated per curiam decision of the First District Court of Appeal. *See* Wells v. State, 132 So. 3d 1110, 1113 (Fla. 2014); Jenkins v. State, 385 So. 2d 1356, 1359 (Fla. 1980); *see also* Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (concluding that conviction does not become "final" for purposes of § 2555(f)(1) until the 90-day period for seeking certiorari review expires, even if the prisoner does not petition for such review); Sup. Ct. R. 13.

and the petition alleging ineffective assistance of counsel filed on January 3, 2014, were not filed before the one-year limitation period expired and could not, therefore, toll the running of the time period.  See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like [Petitioner's] that is filed following the expiration of the limitation period cannot toll that period because there is no period remaining to be tolled."). Based on the untimely filing of the instant 2254 petition, the petition should be dismissed as untimely.

Even if the claim were not untimely, it would be subject to dismissal because it is not cognizable in a § 2254 proceeding.  See, e.g., Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1356 (11th Cir. 2007) (holding that a freestanding claim of actual innocence in a non-capital case may not be brought in a § 2254 proceeding); Collins, 2020 WL 1933932, at *1-*2 (11th Cir. Apr. 22, 2020).  Moreover, even if cognizable, the claim Petitioner makes would not entitle him to relief based on actual innocence.  Dr. David Bear's testimony at the evidentiary hearing, that because of Petitioner's condition after a stroke in 2007 he could not have performed "some" of the acts of which victim R.J.A. testified were committed by Petitioner, does not

satisfy the "actual innocence" requirement.[8]  ECF No. 22 at 3.  To establish "actual innocence," Petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence.  *See* McQuiggin, 569 U.S. at 386; Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).  It cannot be said with any confidence that no reasonable juror would have found Petitioner guilty if Dr. Bear had testified to his opinion at trial.

## Conclusion

Based on the foregoing, Petitioner's § 2254 petition is untimely under § 2244(d)(1) and fails to state any claim cognizable in a § 2254 petition for habeas corpus.  Further, because no showing has been made, and none appears in the record, equitable tolling cannot apply in this case to excuse

---

[8] Dr. David Bear, a neurologist and neurophysiologist, testified at the March 21, 2016, evidentiary hearing that he reviewed Petitioner's medical records relating to a stroke he suffered in 2007.  Ex. M at  No. 128.  He testified that in his opinion Petitioner would have been too weak to engage in sex with victim R.J.A. by being on his hands and knees behind and above the victim.  *Id.*  He agreed on cross-examination that Petitioner would have been able to touch a person in a lewd and lascivious manner; entice another to touch him in a lewd and lascivious manner; commit sexual battery on a person 12 years of age by use of his mouth; cause another person to come into contact with seminal fluid; entice another to penetrate him with a penis; and commit other acts testified to by the victim.  *Id.* at 140-44.

Case No. 3:19cv2929-MCR/MAF

the untimely filing of the § 2254 petition in this Court. Accordingly, the § 2254 petition (ECF No. 1) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Case No. 3:19cv2929-MCR/MAF

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DISMISS** the § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 2, 2020.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**